IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NOS. 2:10-CR-198-WKW |
| | ) | 3:11-CR-9-WKW |
| VALERIE FAYE LONG | ) | [WO] |

## **MEMORANDUM OPINION AND ORDER**

Defendant Valerie Faye Long has filed a motion to reconsider her sentence in each of these related cases. (No. 10-cr-198, Doc. # 134; No. 11-cr-9, Doc. # 108.) In essence, Ms. Long asks the court to modify her sentence to allow her to attend the Lovelady Center residential rehabilitation facility. The United States opposes those motions. (No. 10-cr-198, Doc. # 138; No. 11-cr-9, Doc. # 112.) For the following reasons, Ms. Long's motions are due to be denied.

The court's authority to modify Ms. Long's sentence "is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). In fact, modification is prohibited except in three narrow circumstances:

> (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, *see id.* § 3582(c)(2).

*Phillips*, 597 F.3d at 1195. None of those circumstances exists here. The Bureau of Prisons has not filed a motion. Ms. Long's guideline range has not been lowered by the U.S. Sentencing Commission. The United States has not moved to reduce Ms. Long's sentence based on substantial assistance to the government. Fed. R. Crim. P. 35(b). And Ms. Long did not identify any "arithmetical, technical, or other clear error" in her sentence within fourteen days of sentencing. Fed. R. Crim. P. 35(a).

And even if the court could modify Ms. Long's sentence, it would not do so. The court is very familiar with Ms. Long and her history. (*See, e.g.*, No. 10-cr-198, Docs. # 65, 108, 129; No. 11-cr-9, Docs. # 37, 83, 102.) In deciding to sentence her to prison with no supervised release, the court considered all the relevant factors in 18 U.S.C. § 3553(a). It also considered her request that she be ordered to go to the Lovelady Center. (No. 10-cr-198, Doc. # 133, at 53, 65; No. 11-cr-9, Doc. # 107, at 53, 65.) But as the court has previously told Ms. Long, an order to go to the Lovelady Center is not the help she needs this time. Supervised release and other court-ordered opportunities have not been effective in helping her choose to obey the law and avoid associating with others who break it. What Ms. Long needs now is the opportunity to truly choose (of her own free will) to leave her old life behind — not under duress, not as a way to avoid more serious penalties, and not because a court ordered her to do it. That is the opportunity and the choice her last sentence has given her. When she is released from prison, she can decide on her own to enroll at the Lovelady

Center.  The court expects no less if she is as truly reformed as she says.  But in the meantime, the court expects her to take advantage of her time in prison to gain the skills she needs for leading a changed life, coping with stress, parenting her children, and permanently leaving behind the criminal associates and the gang with which she has long been affiliated.

It is therefore ORDERED that:

1. Defendant's motions to reconsider her sentence (No. 10-cr-198, Doc. # 134; No. 11-cr-9, Doc. # 108) are DENIED; and

2. Defendant's motions to set a hearing (No. 10-cr-198, Doc. # 136; No. 11-cr-9, Doc. # 110) are DENIED.

DONE this 12th day of March, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE